IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELTON DENORIA JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-1825 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Shelton Denoria Jones is a death row inmate currently in the custody of the Texas Department of Criminal Justice. He has filed a petition for a writ of habeas corpus. Among other claims for relief, Jones' petition claims that the State suppressed exculpatory evidence in violation of his constitutional rights. See Brady v. Maryland, 373 U.S. 83, 87 (1963). On January 20, 2010, this court denied Jones' motion to conduct discovery in support of this claim. Jones now moves for reconsideration of that denial.

Rule 6(a) of the Rules Governing Section 2254 Cases authorizes a federal court to permit discovery in a habeas corpus case upon a showing of good cause. In denying Jones' motion, this court noted that Jones failed to raise this claim in state court and concluded

that the claim is therefore unexhausted and that the Texas courts would now find the claim procedurally defaulted.

Jones now cites two unpublished opinions of the Texas Court of Criminal Appeals ("TCCA") in which that Court permitted a successive petition containing a Brady claim. See Ex parte Toney, No. WR-51,047-03 (Tex. Crim. App. Sept. 20, 2006); Ex parte Rousseau, No. WR-43,534-02 (Tex. Crim. App. Sept. 11, 2002). While Texas court rules prohibit citation to unpublished cases as precedent, these cases raise a legitimate question as to whether the TCCA would allow Jones to bring a Brady claim.

Jones' motion seeks alternative relief: He asks this court to grant him the discovery he originally sought or, in the alternative, to stay and abate the case to allow him to return to state court and exhaust his Brady claim. Motion, Docket Entry No. 23, at page 4, n.1. Because the availability of this claim in federal court turns on whether the TCCA would find the claim defaulted, the latter option is appropriate. See Rhines v. Weber, 544 U.S. 269 (2005).

Accordingly, it is **ORDERED** that Jones' Motion for Reconsideration (Docket Entry No. 23) is **GRANTED IN PART and DENIED IN PART;**

It is **ORDERED** that this case is **STAYED** to allow Jones to exhaust his Brady claim in state court;

It is **ORDERED** that Jones shall, within 20 days of the date of this Order, file a successive petition in state court raising his Brady claim;

It is **ORDERED** that respondent shall, within 30 days of the final resolution of Jones' successive state petition by the Texas state courts, move to lift the stay;

It is **ORDERED** that if Jones is successful in state court, he move to dismiss his pending federal petition; and

Finally, it is **ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry No. 14) is **DENIED without prejudice**. The motion may be reinstated by respondent when the stay is lifted.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on this 10th day of February, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE