IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELTON DENORIA JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-09-1825 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice-Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER**

On March 3, 2011, this court granted in part and denied in part petitioner Shelton Denoria Jones' amended petition, granted in part and denied in part respondent's motion for summary judgment, and granted Jones' cross-motion for partial summary judgment. The court also granted a certificate of appealability on the question of whether one of Jones' claims is procedurally defaulted.

The Fifth Circuit affirmed this court's judgment, but remanded the case on the issue of the certificate of appealability. The Fifth Circuit found that this court's opinion was unclear on whether, as required for a certificate of appealability, it is debatable among jurists of reason whether Jones' claim that he did not receive a fair trial, which this court found procedurally defaulted, states a valid claim of the denial of a constitutional right.

## I. Background

The factual background of this case is set out in detail in this court's Memorandum Opinion and Order of March 3, 2011 (Docket Entry No. 40). For purposes of this analysis, the only additional relevant fact is that the Fifth Circuit remanded the case for a determination of whether Jones' fair trial claim sufficiently states a valid claim of the denial of a constitutional right so as to justify the issuance of a certificate of appealability on this court's finding that the claim is procedurally defaulted.

## II. Analysis

### A. The Applicable Legal Standard

The only question currently before this court is whether Jones' fair trial claim states a sufficient substantive claim so as to justify a certificate of appealability ("COA") concerning this court's finding that the claim is procedurally defaulted. A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th

Cir.), cert. denied, 531 U.S. 966 (2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### B. Fair Trial

In his third claim for relief Jones argued that the presence of uniformed police officers among the spectators at his trial and adverse pretrial publicity created a hostile atmosphere and denied him a fair trial. The Sixth and Fourteenth Amendments guarantee a criminal defendant a fair trial. Holbrook v. Flynn, 475 U.S. 560, 567 (1986). To prevail on this claim, Jones must show either actual or inherent prejudice. Id. at 572.

The undisputed facts show that Jones was charged with capital murder for murdering a police officer. Uniformed police officers attended the trial, sitting in the spectator gallery. While the

parties dispute the effect of the officers' presence, there is case law supporting Jones' argument that the presence of the officers might prejudice the jury at the guilt-innocence phase, the penalty phase, or both. See, e.g., Woods v. Dugger, 923 F.2d 1454 (11th Cir. 1991); see also Holbrook, 475 U.S. at 570-71 ("We do not minimize the threat that a roomful of uniformed and armed policemen might pose to a defendant's chances of receiving a fair trial"). If it is ultimately determined that this claim is not procedurally barred, then further factual development will likely be necessary to reach the ultimate merits of the claim. At this point, however, it is clear, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

With regard to Jones' claim that he was also denied a fair trial by pretrial publicity, the record shows that jurors were questioned about their knowledge of the case during *voir dire* and that the defense was satisfied that the jurors were not tainted by pretrial publicity. It is therefore highly unlikely that Jones can demonstrate prejudice on this claim. It is not debatable among jurists of reason that Jones fails to make a substantial showing of the denial of a constitutional right on this claim.

-4-

### III. Order

For the foregoing reasons, it is **ORDERED** that a certificate of appealability shall issue as to this court's conclusion that Jones' claim that he was denied a fair trial by the presence of uniformed officers at his trial is procedurally defaulted.

**SIGNED** at Houston, Texas, on this 22nd day of January, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE