United States District Court
Southern District of Texas
**ENTERED**
October 28, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELTON DENORIA JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-1825 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The United States Court of Appeals for the Fifth Circuit remanded this case for consideration of one claim raised in petitioner Shelton Denoria Jones' amended petition for a writ of habeas corpus. For the reasons explained below, relief will be denied on that claim.

## I.   Background

The facts of this case are set out in detail in this court's Memorandum Opinion and Order of March 3, 2011 (Docket Entry No. 40). An abbreviated version, limited to the facts relevant to the issue remanded to this court, is provided here.

Jones was convicted of capital murder and sentenced to death for the murder of Houston Police Officer Bruno D. Soboleski while he was lawfully discharging his official duties. The Texas Court

of Criminal Appeals ("TCCA") affirmed Jones' conviction and sentence, Jones v. State, No. 71,369 (Tex. Crim. App. May 4, 1994), cert. denied, 514 U.S. 1067 (1995). On October 26, 2005, the TCCA denied Jones' initial application for habeas corpus and treated a document styled "Errata and Corrections to Amended Application for Post-Conviction Writ of Habeas Corpus" as a successive application, dismissing it as an abuse of the writ. Ex parte Jones, Nos. 62,589-01, and -02 (Tex. Crim. App. Oct. 26, 2005). On January 27, 2006, Jones filed his third state habeas application raising a single claim of error under Penry v. Lynaugh, 492 U.S. 302 (1989). The TCCA referred the application to the state trial court. The trial court entered findings of fact and conclusions of law and recommended denying the claim on December 18, 2007. The TCCA denied the application on June 10, 2009. Ex parte Jones, No. AP-75,896 (June 10, 2009).

On April 12, 2006, while his third application was pending, Jones filed his initial federal petition for a writ of habeas corpus, which included a Penry claim. He then moved for a stay and abeyance of his petition so that he could exhaust the Penry claim in state court. The court stayed the case on April 20, 2006. On November 28, 2007, the court dismissed Jones' petition without prejudice, and stated that the statute of limitations would be equitably tolled as long as Jones returned to federal court within 30 days of the conclusion of state review.

Jones refiled his federal petition on June 11, 2009, the day after the TCCA denied relief on his Penry claim.  He filed a First Amended Petition for a Writ of Habeas Corpus on July 9, 2009. Respondent moved for summary judgment on October 5, 2009.

On February 10, 2010, the court again stayed the case to allow Jones to return to state court to raise a claim that the State suppressed material evidence, see Brady v. State of Maryland, 373 U.S. 83 (1963), and denied the respondent's motion for summary judgment without prejudice.  On March 2, 2010, Jones filed his fourth state habeas application, raising his Brady claim and three others.  On June 30, 2010, the TCCA dismissed Jones' fourth application as an abuse of the writ.  Ex parte Jones, No. 62,589-04 (Tex. Crim. App. June 30, 2010).

On July 6, 2010, respondent moved to lift the stay.  The court lifted the stay on July 7, 2010.  Respondent moved for summary judgment on August 31, 2010.  Jones responded and cross-moved for summary judgment on September 29, 2010.

On March 3, 2011, the court issued a Memorandum Opinion and Order granting relief on Jones' Penry claim and denying relief on all other claims.  The court found that Jones' claim that he was denied a fair trial by the presence of uniformed police officers in the courtroom during his trial to be procedurally defaulted, but granted a certificate of appealability on that issue.  On May 20, 2015, the Fifth Circuit held that the claim was not procedurally defaulted and remanded the case for consideration of the fair trial

-3-

claim on the merits.  See Jones v. Stephens, No. 14-70007 (5th Cir. May 20, 2015).

This court ordered supplemental briefing, and the parties filed their supplemental briefs on September 8, 2015.

## II.  The Applicable Legal Standards

**A.   The Antiterrorism and Effective Death Penalty Act**

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320, 335-36 (1997).  Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Kitchens v. Johnson, 190 F.3d 698, 700 (5th Cir. 1999).  For questions of law or mixed questions of law and fact adjudicated on the merits in state court the court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]."  See Martin v. Cain, 246 F.3d 471, 475 (5th Cir.), cert. denied, 534 U.S. 885 (2001).  Under the "contrary to" clause the court may

-4-

afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" Dowthitt v. Johnson, 230 F.3d 733, 740-41 (5th Cir. 2000), cert. denied, 532 U.S. 915 (2001) (quoting Williams v. Taylor, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." Hoover v. Johnson, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." Neal v. Puckett, 239 F.3d 683, 696 (5th Cir. 2001), aff'd, 286 F.3d 230 (5th Cir. 2002)

(en banc), <u>cert. denied sub nom.</u> <u>Neal v. Epps</u>, 537 U.S. 1104 (2003).   The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"   <u>Id.</u> (quoting <u>Hennon v. Cooper</u>, 109 F.3d 330, 335 (7th Cir. 1997)).

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   <u>See</u> 28 U.S.C. § 2254(d)(2); <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 1039 (2001).   The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Jackson v. Anderson</u>, 112 F.3d 823, 824-25 (5th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1119 (1998).

## B.   The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir.), <u>cert. denied</u>, 531 U.S. 831 (2000).   In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party.   <u>See</u> <u>Anderson v.</u>

Liberty Lobby, 477 U.S. 242, 255 (1986).  Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is not appropriate for the facts of a case to be resolved in the petitioner's favor.  See Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 547 (1981). In reviewing factual determinations of the Texas state courts, the court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III.   Analysis

Jones contends that the presence of uniformed police officers among the spectators at his trial created a hostile atmosphere and denied him a fair trial.   Stephens argues that the claim lacks merit.

### A.   Standard of Review

The parties disagree as to the appropriate standard of review for this claim.   Respondent argues that the state trial court, in addressing Jones' habeas corpus application, entered findings of fact that are entitled to deference under the AEDPA.   Jones argues that the findings of fact are not entitled to deference because they were not adopted by the TCCA, which, instead, dismissed this claim on procedural grounds.

On federal habeas corpus review a state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); see also Jackson, 112 F.3d at 824-25.  The trial court entered findings of fact in this case, but the TCCA did not adopt those findings, opting instead to dismiss the document raising the fair trial claim as an abuse of the writ.  Ex parte Jones, No. WR-62,589-01, WR-62,589-02 (Tex. Crim. App. Oct. 26, 2005).

Under Texas law a writ of habeas corpus is returnable to the TCCA.  See TEX. CODE CRIM. PROC. art. 11.071 § 4(a).  While the TCCA may refer an application to the trial court to conduct necessary evidentiary hearings and enter proposed findings of fact, it is up to the TCCA whether to adopt any proposed findings.  Because the TCCA rejected the fair trial claim on procedural grounds and did not adopt the trial court's proposed findings, there are no findings to which this court must defer.  This court's review of the claim is therefore de novo.

## B.   Fair Trial

Jones contends that he was denied a fair trial by the combination of pretrial publicity and the presence of uniformed police officers among the spectators.  He argues that the presence of the uniformed officers was intimidating to the jury and sent a message that the only acceptable verdict was guilty, and the only acceptable sentence was death.

-8-

A criminal defendant has the right to a fair trial. Holbrook v. Flynn, 475 U.S. 560, 567 (1986); Estelle v. Williams, 425 U.S. 501, 503 (1976). A fair trial means, among other things, one resulting in a verdict based only on the evidence presented during the trial. Holbrook, 475 U.S. at 567; Taylor v. Kentucky, 436 U.S. 478, 485 (1978); Irvin v. Dowd, 366 U.S. 717, 722 (1961).

As Jones acknowledges, see Petition at 52, to prevail on this claim he must demonstrate either actual or inherent prejudice. See Holbrook, 475 U.S. at 572. Jones does not argue that he suffered actual prejudice. Instead, he contends that the presence of the uniformed police officers was inherently prejudicial.

The presence of uniformed law enforcement personnel does not automatically mean that the atmosphere was inherently prejudicial. See Holbrook, 475 U.S. at 568-69. The determinative factor for inherent prejudice is "not whether jurors actually articulated a consciousness of some prejudicial effect, but rather whether 'an unacceptable risk is presented of impermissible factors coming into play.'" Holbrook, 475 U.S. at 570 (quoting Williams, 425 U.S. at 504). An unacceptable risk exists when there is a "probability of deleterious effects." Williams, 425 U.S. at 504.

Jones contends that there was a large amount of pretrial publicity. He notes that uniformed police officers sat among the spectators -- near the jury box -- in the courtroom during trial. He further notes that his trial counsel raised objections to the officers' presence.

-9-

Jones relies heavily on the Eleventh Circuit's decision in Woods v. Dugger, 923 F.2d 1454 (11th Cir. 1991), to support his argument that the publicity and presence of the officers created an inherently prejudicial atmosphere. Woods, however, is easily distinguishable from this case.

Woods was convicted of the murder of a correctional officer and sentenced to death. 923 F.2d at 1455. He challenged his conviction and sentence, alleging that he was deprived of a fair trial by the presence of uniformed correctional officers in the courtroom.

The Eleventh Circuit noted that Woods' trial occurred in a "small rural community . . . ." Id. at 1456. The county had a population of about 10,000 people, but approximately one-third of those were prisoners. Id. at 1457. The county and a neighboring county contained four state prisons employing 2,200 workers. The prisons accounted for $71 million of the local economy. The officer's death became a significant local political issue, with a petition demanding the death penalty for those convicted of killing correctional officers gathering 5,000 signatures. Id. at 1458.

During jury *voir dire* six potential jurors immediately excused themselves. Thirty-three stated that they, or their relatives or close friends, worked in the prison. Twenty-one potential jurors had heard about the case. Nine knew a witness, and one was a witness, although this person was not called by either side.

> Within the actual jury:  four jurors and one alternate
> juror neither had heard of the case nor had any relatives
> working in the prison system; four jurors had not heard
> of the case, but had either worked in the prison system
> themselves or had relatives currently working in the
> system; three jurors and one alternate juror both had
> heard of the case and had relatives currently working in
> the system; and, finally, one juror had heard of the case
> but had no relatives or friends working in the system.

Id.  The court also observed that about half of the spectators at

trial were uniformed correctional officers.  Id.  The Eleventh

Circuit found inherent prejudice under these circumstances.

In sharp contrast to the facts of Woods, Jones was tried in

Houston -- one of the largest cities in the United States -- with

a jury pool drawn from the even larger Harris County, Texas.

Unlike the jurors in Woods, Jones points to no evidence that any

juror had a friend or relative who was a police officer.  There is

no evidence, and no reason to believe, that anything resembling the

facts that led to a finding of inherent prejudice in Woods was

present in this case.

As the Woods court noted, "presumed prejudice rarely occurs

and is reserved for extreme situations."  Woods, 923 F.2d at 1459

(internal quotation marks and citation omitted).  While there is no

dispute that uniformed police officers were a visible portion of

the spectators in this case -- it appears from the various

descriptions of the courtroom offered by petitioner that the police

presence ranged between one-quarter and one-third of the

spectators, see, e.g., First Am. Pet. at 53-54 -- there is nothing

to suggest that their presence or any pretrial publicity had any undue influence or effect on the jury. This is not the extreme situation presented by Woods, and Jones fails to demonstrate inherent prejudice in his trial. Therefore, Jones is not entitled to relief on this claim.

## IV.   Certificate of Appealability

Although Jones has not requested a certificate of appealability ("COA"), the court may nevertheless determine whether he is entitled to this relief in light of the court's ruling. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). "[T]he determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir. 2000), cert. dismissed, 531 U.S. 1134 (2001).

The court has carefully considered Jones' claim. Although the court is confident that Jones is not entitled to relief on the claim, there is little precedent that is directly on point. Jones was convicted more than twenty years ago, and since then numerous courts have considered his various claims. Recognizing the

"AEDPA's acknowledged purposes" to "reduc[e] delays in the execution of state and federal criminal sentences[,]" <u>Ryan v. Gonzales</u>, 133 S. Ct. 696, 709 (2013) (quotation omitted), and in an effort to expedite appellate consideration, the court <u>sua sponte</u> finds that jurists could conclude that "the issues presented [are] adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  Because, under this analysis, Jones has made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he is entitled to a certificate of appealability on his fair trial claim.

## V.  <u>Conclusion and Order</u>

For the foregoing reasons, it is **ORDERED** as follows:

1.   Petitioner Shelton Denoria Jones' First Amended Petition for a Writ of Habeas Corpus (Docket Entry No. 7) is **DENIED** with regard to his claim that he was denied a fair trial; and

2.   A Certificate of Appealability shall issue.

**SIGNED** at Houston, Texas, on this 28th day of October, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-13-